UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|  |  |  |
|---|---|---|
| FREDERICK J. CALATRELLO, | : | CASE NO. 1:12-CV-726 |
| Regional Director of Region 8 of the | : |  |
| National Labor Relations Board, etc. | : |  |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| vs. | : | ORDER & OPINION |
|  | : | [Resolving Doc. No. 61] |
| JAG HEALTHCARE, INC., d/b/a GALION | : |  |
| POINTE, LLC, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Respondent JAG Healthcare, Inc. ("JAG") moves this Court under Federal Rule of Civil Procedure 62(c) to stay its October 16, 2012, Order pending appellate review. [Doc. 61.] That order [Doc. 58] granted the Petitioner's request for injunctive relief under § 10(j) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(j). The Petitioner opposes the motion. [Doc. 62.] For the following reasons, Respondent JAG's motion is DENIED.

I. Background

In mid-2010, JAG assumed operation of a nursing care facility in Galion, Ohio. The Petitioner alleges that in doing so, JAG discriminated against union members and engaged in other unfair labor practices. The employees' union filed charges against JAG, which were consolidated and set for an administrative hearing in March 2012. On March 26, 2012, the Petitioner filed the instant petition in this Court for § 10(j) injunctive relief, which allows the Court to afford "appropriate temporary relief" to the aggrieved parties. 29 U.S.C. § 160(j). In late July 2012, the Administrative Law Judge ("ALJ") filed his decision finding primarily in the Petitioner's favor.

Case No. 1:12-CV-726
Gwin, J.

[Doc. 51-1.] On October 16, 2012, this Court granted the Petitioner's request for injunctive relief. [Doc. 58.] JAG has appealed that decision to the United States Court of Appeals for the Sixth Circuit [doc. 60], and now asks this Court to stay the decision pending the outcome of that appeal. [Doc. 61.]

## II.  Law & Analysis

Rule 62(c) grants this Court the authority to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). To determine whether a stay is appropriate, reviewing courts balance four factors, including: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. Sandusky Cnty. Democratic Party v. Blackwell, 340 F. Supp. 2d 810, 812 (N.D. Ohio 2004).

Quite frankly, none of these factors weigh heavily, if at all, in JAG's favor. This Court believes it unlikely that the Sixth Circuit will find that § 10(j) relief was inappropriate, especially in light of the ALJ's opinion and the relatively light burden that the Petitioner needed to show to succeed. JAG responds that it need not show that it has a high probability of success if the relevant parties will not suffer significant harm. See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other."). JAG is correct in its analysis, but wrong in its application. The employees who were discriminated against by the Respondent continue to suffer the effects of the unfair labor practices. And even if they didn't, JAG still could not show

Case No. 1:12-CV-726
Gwin, J.

any probability that its appeal will succeed on the merits.

JAG contends that this Court's previous orders puts the nursing home's patients at risk because it disrupts the patients' continuity of care. [Doc. 61, at 7.] This is a very real concern, but one that can be taken into account with the union when staffing decisions are made. JAG also says that it would be difficult to comply with state background check requirements if it has to have all of the discriminated employees begin work immediately. A closer reading of this Court's order belies this assertion. The order does not require that work begin immediately, but that offers of reinstatement be given. State requirements need not be subverted by this order.

This Court is confident in the abilities of the parties to work together to ensure that patient care is unaffected. If the Petitioner's allegations are true, a number of employees were harmed by JAG's actions. Conveniently, JAG never mentions their plights when discussing the ongoing harms that this Court's order seeks to remedy. Given the low probability of success on the merits, the low risk of harm to JAG, and the ongoing harms suffered by the discriminated employees and the public, the motion to stay this Court's order granting injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: October 29, 2012                         s/         *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE